UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. MCGILL**                                        **CIVIL ACTION**

**VERSUS**                                                          **NO. 13-4829-SS**

**BOARD OF SUPERVISORS OF THE
UNIVERSITY OF LOUISIANA
SYSTEM, et al**

## ORDER AND REASONS

The parties consented to proceed before the undersigned. Rec. doc. 10. The motion of the defendant, Dr. Marvin Yates ("Dr. Yates"), for summary judgment on the remaining claims of the plaintiff, Michael McGill ("McGill"), is pending. For the reasons presented below, the motion is granted.

## BACKGROUND

At all pertinent times, Dr. John Crain was president of Southeastern Louisiana University ("Southeastern"). Dr. Crain is a Caucasian. At all pertinent times, Dr. Yates was vice-president of student affairs at Southeastern. He reported directly to Dr. Crain. Dr. Yates' responsibilities included supervision of the Southeastern police department. Dr. Yates is an African-American.

Prior to the relevant period and until July 17, 2012, Michael Prescott was Director of the Southeastern police department. Prescott is a Caucasian.

Prior to 2008, McGill was employed with the Jefferson Parish Sheriff's Office for 28 years. In 2008, he was hired by Southeastern as Police Captain to work in its police department. McGill is a Caucasian.

At all pertinent times, Angela Jones was employed by the Southeastern police department. Jones is an African-American. McGill alleges that Jones conspired with Dr. Yates to harass and retaliate against him.

On June 1, 2012, McGill requested FMLA medical leave to undergo a total knee replacement. McGill's request for FMLA leave was granted. He remained out on medical leave through July 26, 2012.

Up until July 25, 2012, Carmen Bray was employed as a sergeant in the Southeastern police department.

On July 17, 2012, the Southeastern Board discharged Prescott. Following Prescott's discharge, it was necessary to appoint an Interim Director for the police department pending a search for a permanent Director. On July 25, 2012, Bray was appointed to serve as Interim Director. On July 26, 2012, McGill returned from medical leave and was reinstated to his position as Police Captain.

## PROCEDURAL HISTORY

**A.  Original Complaint**.

On June 18, 2013, McGill filed a complaint against: (1) the Board of Supervisors of the University of Louisiana System ("Board"); (2) Dr. Yates; and (3) Jones. McGill sought relief under: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (2) the Louisiana Disability Act ("LDA"), La. R.S. 23:322; (3) the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601; (4) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and (5) the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:332. Rec. doc. 1.[1]

McGill named the Board and Dr. Yates as defendants on the ADA claim, the FMLA claim, and the ADEA claim. He named the Board, Dr. Yates and Jones as defendants on the LEDL claim. McGill did not name a party as a defendant on the LDA claim. Rec. doc. 1 at 8-9.

---

[1] On September 30, 2013, Prescott filed a complaint for damages and alleged race discrimination, hostile work environment and retaliation. The Board was the only defendant. CA 13-5984-KWR (Rec. doc. 1). On October 4, 2014, a jury found for the Board on the Title VII hostile work environment claim and the retaliatory failure to rehire claim. A judgment was entered in favor of the Board. Id. (Rec. doc. 81).

2

On September 20, 2013, defendants moved to dismiss all claims against the Board and Jones and all but the FMLA claims asserted against Dr. Yates in his individual capacity. Rec. doc. 6. McGill sought and was granted leave to amend his complaint. Rec. docs. 11 and 13. Defendants' motion to dismiss was denied without prejudice. Rec. doc. 15.

**B. First Amended Complaint**.

On October 28, 2013, McGill filed his first amended complaint against the Board, Dr. Yates and Jones under the: (1) LDA; (2) FMLA; (3) Louisiana Age Discrimination in Employment Act ("LAD"), La. R.S. 23:312; and (4) LEDL. Rec. doc. 14. McGill named the Board as a defendant on the LDA claim. He named Dr. Yates, in his individual capacity, as a defendant on the FMLA claim. He named the Board and Dr. Yates as defendants on the LAD claim. He named the Board, Dr. Yates and Jones as defendants on the LEDL claim. Rec. doc. 14 at 8-9.

On October 31, 2013, defendants sought to dismiss: (1) all claims against the Board under the Eleventh Amendment doctrine of sovereign immunity; (2) all claims against Dr. Yates except for the FMLA claim; and (3) the single claim against Jones under LEDL. Rec. doc. 16. Defendants urged that all claims against Dr. Yates and Jones in their official capacities must be dismissed under the doctrine of sovereign immunity. Rec. doc. 16 (Memorandum at 7-8). They acknowledged an exception to the Eleventh immunity regarding a public officer acting in his or her official capacity which applied when a plaintiff sought an injunction against such an officer. Defendants argued that while McGill named Dr. Yates and Jones in their official capacities, injunctive relief was not requested. They urged that the LEDL claims against Dr. Yates and Jones in their individual capacities be dismissed because the LEDL does not subject individuals to liability. Id. (Memorandum at 9-11).

3

McGill agreed to refile his state law claims in state court. He sought leave to amend to assert injunctive relief against Dr. Yates and Jones. Rec. doc. 17. All of McGill's claims were dismissed except the FMLA claims against Dr. Yates in his individual capacity. He was granted leave to seek injunctive relief against Dr. Yates or Jones on the FMLA claims. Rec. doc. 18.

**C. Second Amended Complaint.**

On December 3, 2013, McGill filed a second amended complaint against the Board, Dr. Yates and Jones. Notwithstanding the Court's November 20, 2013 order (Rec. doc. 18), McGill again sought relief under the: (1) LDA; (2) FMLA; (3) LAD; and (4) LEDL. Rec. doc. 14. The second amended complaint (Rec. doc. 19) is identical to the first amended complaint (Rec. doc. 14) with only one exception. The second amended complaint contains an additional request for relief in Paragraph 30(c):

> Issue a mandatory injunction, pursuant to 29 U.S.C. § 2617(1)(B), enjoining Marvin Yates and Angela Jones from prospective conduct having as its aim interference with or denial of federally protected rights set out in the Family and Medical Leave Act of 1993. . . .

Rec. doc. 19 at 9. For the reasons presented in defendants' October 31, 2013 motion to dismiss (Rec. doc. 16), all of McGill's claims in the second amended complaint are dismissed except for the FMLA claims against Dr. Yates in his individual capacity and the claim against Dr. Yates and Jones in their official capacities for injunctive relief relating to the FMLA claim.[2]

**D. Motion for Summary Judgment.**

On August 26, 2014, Dr. Yates moved for summary judgment on the surviving FMLA claims. Rec. doc. 25. These are the FMLA retaliation and interference with FMLA rights claims against Dr. Yates in his individual capacity and the claim against Dr. Yates and Jones in their official capacities for injunctive relief relating to the FMLA claims.

---

[2] The action on the part of counsel for plaintiff in just copying the first amended complaint is frustrating and disturbing in view of the undersigned's ruling less than three weeks prior.

**ARGUMENTS OF THE PARTIES**

Dr. Yates argues that McGill cannot establish a *prima facie* case of FMLA retaliation. He contends that McGill must show that: (1) he was protected under FMLA, (2) he suffered an adverse employment decision, and (3) the adverse decision was made because he took FMLA leave. Dr. Yates argues that McGill cannot satisfy the third requirement. Assuming he does, Dr. Yates acknowledges that the burden shifts to him to articulate a legitimate, non-discriminatory reason for the decision. Dr. Yates contends that there is such a reason. The burden shifts back to McGill to prove by a preponderance of the evidence that his exercise of FMLA rights was a motivating factor in the adverse decision. Dr. Yates urges that McGill has no such evidence.

McGill argues that a mixed-motive burden-shifting framework must be applied to his retaliation claim. He contends that he satisfies the requirements for a *prima facie* case. He urges that Dr. Yates' proffered reason for the decision is wholly subjective and therefore not subject to resolution on a motion for summary judgment. He argues that genuine issues of fact exist as to whether the stated reason is pretextual.

Dr. Yates agrees that McGill satisfies the first four requirements for a *prima facie* case of interference with his FMLA rights: (1) he was an eligible employee, (2) Dr. Yates was an employer subject to FMLA's requirements, (3) McGill was entitled to leave, and (4) he gave proper notice of his intention to take FMLA leave. Dr. Yates argues that McGill cannot establish the fifth element − that McGill was denied the benefits to which he was entitled under the FMLA. McGill responds that when he returned to work following FMLA leave, he was treated as though he had been demoted. Rec. doc. 38 at 16.

Dr. Yates argues that there is no past FMLA violation or any continuing FMLA violation, so there is no basis for the claim for injunctive relief. McGill responds that: (1) he was effectively demoted on his return from FMLA leave; (2) he requested reinstatement of his prior duties; and (3) he is entitled to injunctive relief. Rec. doc. 38 at 18.

## SUMMARY JUDGMENT STANDARD

In <u>Ion v. Chevron USA, Inc.</u>, 731 F.3d 379 (5th Cir. 2013), the Fifth Circuit stated:

> Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A genuine dispute as to a material fact exists when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, a court determines that the evidence is such that a reasonable jury could return a verdict for the party opposing the motion. A court considering a motion for summary judgment must consider all facts and evidence in the light most favorable to the nonmoving party. Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence. In addition, a court must disregard all evidence favorable to the moving party that the jury is not required to believe.

731 F.3d at 389 (citations and quotation marks omitted).

## ANALYSIS

**A. FMLA Retaliation Claim.**

In <u>Richardson v. Monitronics International, Inc.</u>, 434 F.3d 327, 333 (5th Cir. 2005), the Fifth Circuit held that the mixed-motive framework applies to FMLA claims in which retaliatory animosity was a motivating factor in an adverse employment action. In <u>University of Texas Southwestern Medical Center v. Nassar</u>, ___ U.S. ___, 133 S.Ct. 2517 (2013), the Supreme Court limited the applicability of the mixed-motive framework in cases involving Title VII and ADEA. In <u>Ion</u>, the Fifth Circuit did not decide whether <u>Nassar</u> applied to FMLA-retaliation claims, but it applied the mixed-motive framework. Thus, the mixed-motive analysis described in <u>Ion</u> will be applied to McGill's FMLA retaliation claim.

6

1. <u>First Step</u>.

   Under the first step of the mixed-motive burden-shifting framework, Ion must establish a prima facie case of FMLA retaliation. To do so, Ion must show that (1) he was protected under the FMLA, (2) he suffered an adverse employment action, and (3) the adverse action was taken because he sought protection under the FMLA.

<u>Ion</u>, 731 F.3d at 390. It is undisputed that McGill was protected under the FMLA. McGill suffered an adverse employment action because he was passed over for the position of Interim Director. Rec. doc. 38. He satisfies the first and second requirements for a *prima facie* case.

The third requirement is that the adverse action was taken because McGill sought protection under the FMLA. In <u>Shackelford v. Deloitte & Touche</u>, LLP, 190 F.3d 398, 408 (5th Cir. 1999), the Fifth Circuit stated that:

   [W]here there is a close timing between an employee's protected activity and an adverse employment action, the employer must offer a legitimate, nondiscriminatory reason that explains both the adverse action *and the timing.*

<u>Id</u>. at 408 (emphasis in original). The close timing between the date that McGill returned from his FMLA leave and the date that Dr. Yates recommended Bray as Interim Director satisfies the third requirement for a *prima facie* case.

2. <u>Second Step</u>.

   The second step of the framework requires that Chevron articulate a legitimate, nondiscriminatory reason for Ion's termination.

<u>Ion</u>, 731 F.3d at 390-91. Dr. Yates states:

   Due to ongoing turmoil in the department, including disputes between divided factions of officers, Dr. Yates, as the supervisor of the department, recommended to Dr. John Crain, SLU's President, that Sgt. Carmen Bray be appointed as the Interim Director of the department pending a search for a new permanent Director. Dr. Yates and Dr. Crain both believed that Sgt. Bray was the best suited

    employee within the department to lead the department on an interim basis due to his neutral and calm personality.

Rec. doc. 25 at 3-4.

McGill responds that it is insufficient because it is wholly subjective and requires an assessment of Dr. Yates' credibility. He cites <u>Reeves v. Sanderson Plumbing Products, Inc</u>., 530 U.S. 133, 120 S.Ct. 2097 (2000). Rec. doc. 38 at 12. Dr. Yates replies that at the second step of the framework, the burden to produce evidence that Bray was preferred for a legitimate, nondiscriminatory reason "is one of production, not persuasion; <u>it can involve no credibility assessment</u>." <u>Reeves</u>, 120 S.Ct. at 2106 (citing <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 509, 113 S.Ct. 2742 (1993) and emphasis added). <u>Reeves</u> demonstrates that at the second step of the analysis, defendant satisfies its burden with the production of a legitimate, nondiscriminatory reason. Dr. Yates' reason explains both the alleged adverse action and its timing. He satisfied his burden at the second step.

   3. <u>Third Step</u>.

In <u>Richardson</u>, the Fifth Circuit described the third step as:

> [T]he employee must offer sufficient evidence to create a genuine issue of fact either that (a) the employer's proffered reason is a pretext for discrimination, or— and herein lies the modifying distinction—(b) that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination.

434 F.3d at 333 (citing <u>Machinchick v. PB Power, Inc</u>., 398 F.3d 345, 355 (5th Cir. 2005)).

McGill urges that Dr. Yates' proffered reason is pretextual. He states that: (1) Bray was equally involved in the turmoil and disruptions in the police department; (2) McGill was better qualified than Bray in terms of years of experience, work on investigations, and as an instructor; (3) Bray was younger, he was only a high school graduate, he had only six years of certified police experience, and he had no supervisory experience; (4) Dr. Yates hastily recommended

8

Bray the day before McGill returned from FMLA leave; and (5) this temporal proximity demonstrates that the recommendation could have been made after McGill returned to work. Rec. doc. 38 at 14-15.

McGill's argument rests primarily on the timing of Dr. Yates' recommendation relative to McGill's return from FMLA leave. This evidence does not create a genuine issue of fact that Dr. Yates' proffered reason is a pretext for discrimination. Rather, McGill also can prevail at the third step if he demonstrates that the exercise of his FMLA rights was a motivating factor in his termination.

> In the third step, Ion bears the burden of offering sufficient evidence to create a genuine issue of fact that Chevron's nondiscriminatory reasons, although true, are only some of the reasons for its conduct, another of which was discrimination. In other words, Ion must offer evidence to show that <u>the exercise of his FMLA rights was a motivating factor in his termination</u>.

Ion, 731 F.3d at 391 (emphasis added). For example, the claimant in Ion argued that a statement in his termination letter that he had not returned to work since his suspension indicated that his FMLA – related absence was a reason for his departure. The Fifth Circuit stated:

> Drawing all reasonable inferences in favor of the nonmoving party, a reasonable jury could conclude that the inclusion of this statement in the same paragraph listing the reasons for Ion's termination could indicate that his absence was also a reason for his termination.

Id. at 391-92.

There is no evidence that Dr. Yates recommended Bray for the Interim Director position on July 25, 2014 and passed over McGill because he did not return from FMLA leave until July 26, 2014. The timing of the decision to name Bray as Interim Director on July 25, 2012 was prompted by Prescott's discharge on July 17, 2012. It is undisputed that it was necessary to appoint an Interim Director after Prescott's discharge. There is no evidence that Prescott's discharge was in any way related to McGill's FMLA leave. McGill has not presented any

9

evidence that the exercise of his FMLA rights was a motivating factor in the decision to recommend Bray as Interim Director.

McGill's FMLA retaliation claim rests on the fact that he was passed over for the Interim Director position on the day before he returned from FMLA leave.  This satisfies the third requirement for a *prima facie* case and compels Dr. Yates to offer a legitimate nondiscriminatory reason that explains both the adverse action and the timing.  However, it is not sufficient to raise a genuine issue fact that the reason was pretextual or a motivating factor.

### B. FMLA Interference Claim.

There are five requirements for a *prima facie* case of interference with the right to exercise one's FMLA rights.  These requirements are:  (1) McGill was an eligible employee; (2) Dr. Yates was an employer subject to FMLA's requirements; (3) McGill was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) Dr. Yates denied him benefits to which he was entitled under the FMLA.  See Lanier v. Univ. of Texas Southwestern Medical Ctr., 527 Fed.Appx. 312 (5th Cir 2013) (citing Donald v. Sybra, Inc., 667 F.3d 757, 761 (6th Cir.2012)).  Dr. Yates does not dispute the presence of the first four factors.  Rec. doc. 25 (Memorandum at 7).

Dr. Yates contends that McGill cannot satisfy the fifth requirement.  He argues that on July 26, 2012, McGill returned to his position as Police Captain with the same job title, pay and all employment benefits.  Id. (Memorandum at 7-8).  McGill responds that Dr. Yates interfered with his FMLA rights because:  (1) the position of Police Captain carries with it the power to serve as Assistant Director; (2) job duties are assigned to the Assistant Director; (3) he was denied the title of Assistant Director upon his return from FMLA leave; and (4) by doing so, Dr.

Yates failed to reinstate him to his full position.  McGill adds that this effective demotion will affect his future wages and employment prospects.

In support of the alleged demotion, McGill offers Exhibits 4, 5, 6, 9 and 10.  Exhibit 4 is the job description for a Police Captain.  Exhibits 5 and 6 are Southeastern police department policies relating to organization, administration and operational direction.

Exhibit 9 is an email from McGill to himself, dated October 31, 2013, referring to a meeting the day before with Bray, where Bray reported that McGill's designation as Assistant Director of the police department was removed.  McGill states that "this was done when they got my EEOC complaint."  Rec. doc. 38(Exhibit 9).  Exhibit 10 is another email from McGill to himself.  It is dated November 4, 2013.  It reports that Bray told him that Dr. Yates told Bray that he was not satisfied with McGill in the position of Hiring Board Chairperson.  Id. (Exhibit 10).  Dr. Yates contends that Exhibits 9 and 10 should be excluded from consideration as they are inadmissible as hearsay.

Assuming Exhibits 9 and 10 are admissible, they present evidence that more than 14 months after McGill returned from FMLA leave, his positions as Assistant Director and Hiring Board Chairperson of the police department were terminated.  Even with all reasonable inferences in McGill's favor, a reasonable jury could not conclude that the changes in McGill's responsibilities 14 months after he returned from FMLA leave constitute a failure to reinstate him to his full position upon his return from FMLA leave.

Dr. Yates' motion for summary judgment on the FMLA interference claim is granted.

C.  **Request for Injunctive Relief**.

In the second amended complaint, McGill named Dr. Yates and Jones in their official capacities and sought to enjoin them from prospective conduct having as its aim interference with or denial of his FMLA rights.  Rec. doc. 19 at 9.

McGill contends that after his effective demotion when he was removed from the positions of Assistant Director and Hiring Board Chairperson, he continued to work and requested reinstatement and damages.  He urges that he is entitled to injunctive relief.  This argument is without merit because the changes in his responsibilities 14 months after he returned from FMLA leave do not constitute violations of his FMLA rights.  McGill's FMLA rights were not violated in 2012 and there are no ongoing violations of his FMLA rights.  There is no basis for injunctive relief.[3]

IT IS ORDERED that Dr. Yates' motion for summary judgment (Rec. doc. 25) is GRANTED.

IT IS FURTHER ORDERED that McGill's claim against Jones is DISMISSED.

New Orleans, Louisiana, this 16th day of October, 2014.



_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**

---

[3] Although Jones has not moved for dismissal of the claim for injunctive relief, the finding that McGill is not entitled to such relief necessarily mandates dismissal of that claim as to Jones.